UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JEFFREY KINT,

    Petitioner,                               CIVIL ACTION NO. 06-14186

    v.                                       DISTRICT JUDGE LAWRENCE P. ZATKOFF

CAROL HOWES                      MAGISTRATE JUDGE VIRGINIA M. MORGAN

    Respondent.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This 28 U.S.C. § 2254 case comes before the court on the following: (1) Petitioner's "Motion for Expedition;" (2) Petitioner's Motion to Stay his Petition for Writ of Habeas Corpus; and (3) Petitioner's Application for Writ of Habeas Corpus. For the reasons stated below, the court recommends that petitioner's motions and application for a writ of habeas corpus be **DENIED** and the case be dismissed.

### II. Background

On September 11, 2003, petitioner was convicted of arson of a dwelling, MCL § 750.72, for which he was sentenced to five to twenty years imprisonment. While incarcerated, petitioner was charged with two additional counts of assault upon a jail employee, MCL § 750.197c. On October 31, 2003, petitioner pled no contest to one count of assault upon two jail employees in

-1-

exchange for the other count being dismissed (Civil No. 06-14186, D/E #18).  On the record, the trial court questioned petitioner about his plea:

> **Court**: Okay.  Mr. Kint you heard what your attorney and the prosecutor said, is that how you want to proceed?
>
> **Petitioner**: Yes it is sir.
>
> **Court**: And you discussed the matter fully and completely with [defense counsel]?
>
> **Petitioner**: Yes.
>
> **Court**: And you want to plead guilty for the reasons set forth by [defense counsel], is that correct?
>
> **Petitioner**: Yes. [Civil No. 06-14186, D/E #18, pp. 9-10]

Later, the trial court asked petitioner if petitioner understood the charge against him.  Petitioner stated that he did, that he had discussed the matter with defense counsel and that he still wished to plead no contest.  (Civil No. 06-14186, D/E #18, p. 11.)  Petitioner also stated later at the hearing that he understood the full plea agreement, that no one had promised him anything beyond the plea agreement or threatened him in any way, and that the plea was being made freely, understandingly, and voluntary (Civil No. 06-14186, D/E #18, pp. 12-13).

The trial court also explained that the sentence would be consecutive to petitioner's earlier sentence and a number of rights petitioner would be foregoing by pleading no contest (Civil No. 06-14186, D/E #18, pp. 14-16).  Petitioner again indicated that he understood what he was doing and wished to plead "no contest" (Civil No. 06-14186, D/E #18, pp. 14-16).  The trial court eventually accepted petitioner's plea (Civil No. 06-14186, D/E #18, pp. 19-20).

On December 11, 2003, petitioner was sentenced in his assault case (Civil No. 06-14186, D/E #19). At the hearing, the following exchange occurred:

> **Court**: All right. Mr. Kint, you have read the pre-sentence report then sir?
>
> **Petitioner**: Yes, I have.
>
> **Court**: All right. [defense counsel] says you are satisfied with the content but let me ask you, is there anything in the content that you have read that you want to bring to my attention as being erroneous or any problem at all?
>
> **Petitioner**: I have some question about MCL Number .50197c, this goes under escape and I didn't understand when I made the plea I was going to be charged with an escape.
>
> **Court**: You weren't charged with an escape, you were charged with assaulting the police officers.
>
> **Defense Counsel**: Judge, I think what Richard is mentioning is that when you have a computer printout like we do with these particular offenses, in the guideline book would show that for 750.197c that they may classify under escape and I think the Court is familiar that assault on a prison employee falls under the escape through violence or an assault through, and the Department of Corrections reads that as an escape type of offense and I think Richard is now going to talk to you about that has a classification effect with the Department of Corrections and he wouldn't have pled had he known that. That's within the Department of Corrections. I talked with Richard about that and it's a computer title that they give, it's not the substance of the offense for which he is going to be sentenced. Whether the Department of Corrections does it that way I don't know what remedies he would have within the Department of Corrections in terms of the higher security classification that I think he feels is going to result. Does that explain that?
>
> **Court**: I don't know. So your question to me is what? I'm not sure how I figure into this equation because once you get to the

>Department of Corrections you're with the Department of Corrections.
>
>**Petitioner**: Right.
>
>**Court**: They don't listen to what I say, I don't listen to what they say.
>
>**Petitioner**: I've learned to understand that. Like I said, if I had known this was going to happen I would have taken this to trial, if I had known this was going to be an escape, that it was going to read like that. There is no way I can accept an escape because of the higher points.
>
>**Court**: That's not something that I have any control over but we are here for sentencing, you did plead, now we've got to face that fact. Anything else concerning the contents you want to bring to my attention?
>
>**Petitioner**: No sir. [Civil No. 06-14186, D/E #19, pp. 5-7]

Petitioner was sentenced to a consecutive term of twenty-three months to four years' imprisonment. (Civil No. 06-14186, D/E #19, p. 12).

On December 10, 2004, petitioner filed a delayed application for leave to appeal his assault conviction on the basis that the trial court had abused its discretion by denying petitioner's motion to withdraw his pleas prior to sentencing. Both the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner leave to appeal. People v. Kint, 474 Mich. 905 (2005) (Table).

On December 20, 2005, petitioner filed a petition for writ of habeas corpus against Sherry Burt (Civil No. 05-74822, D/E #1). That petition challenged both of petitioner's

convictions and it encompassed both exhausted and unexhausted claims. The case was assigned to the Honorable Bernard A. Friedman.

On December 29, 2006, petitioner filed another appeal of his assault conviction, raising six issues he had not argued in his previous appeal. The Michigan Court of Appeals denied petitioner's appeal on June 18, 2007. People v Kint, unpublished order of the Michigan Court of Appeals issued June 18, 2007 (Docket No. 275273)

On June 27, 2006, Sherry Burt, the respondent in Civil No. 05-74822, filed a motion to dismiss arguing that petitioner's petition must be dismissed because it was a mixed petition containing both exhausted and unexhausted claims (Civil No. 05-74822, D/E #10).

On September 22, 2006, in response to respondent Burt's motion to dismiss, petitioner filed an amended petition for writ of habeas corpus (Civil No. 05-74822, D/E #21). In that amended petition, petitioner sought to limit his claims in Civil No. 05-74822 to the exhausted issues relating to his arson conviction. All unexhausted claims and claims involving his assault conviction were to be admitted.

Also on September 22, 2006, petitioner filed a second petition for writ of habeas corpus, which is the petition pending before this court (Civil No. 06-14186, D/E #1). In this petition, petitioner limited his claim to the exhausted issue of whether the trial court abused its discretion in his assault case by denying his motion to withdraw his plea prior to sentencing.

On October 23, 2006, petitioner filed a motion seeking expedited consideration of his petition for writ of habeas corpus in his assault case (Civil No. 06-14186, D/E #6).

On February 1, 2007, petitioner filed a delayed application for leave to appeal his assault conviction on the basis that the trial court had abused its discretion by denying the appointment of substitute appellate counsel during petitioner's first appeal of his assault conviction. The Michigan Court of Appeals denied petitioner's appeal for lack of merit in the ground presented. People v Kint, unpublished order of the Michigan Court of Appeals issued April 23, 2007 (Docket No. 276293). On May 21, 2007, petitioner applied for leave to appeal this issue to the Michigan Supreme Court. That application is still pending.

On March 9, 2007, Judge Friedman issued an order that addressed petitioner's original petition for writ of habeas corpus and did not address plaintiff's attempt to amend that petition (Civil No. 05-74822, D/E #23). In that order, Judge Friedman dismissed petitioner's petition without prejudice because it was a mixed petition containing both exhausted and unexhausted issues. Judge Friedman also ordered that the statute of limitations for habeas petitions was tolled in that case until petitioner returns to federal court seeking habeas relief and that petitioner must return to federal court to pursue habeas relief within sixty days of exhausting his state court remedies.

On March 29, 2007, respondent Howes filed her response to the instant petition for writ of habeas corpus in petitioner's assault case (Civil No. 06-14186, D/E #10). Respondent Howes argues that petitioner has failed to raise a constitutional claim in his petition and that, if the petition had been presented as an appeal in a federal case, petitioner would not have been entitled to relief.

On April 19, 2007, petitioner filed a motion for a stay of his petition for writ of habeas corpus in his assault case so he could allow himself time to have his additional claims heard in Michigan state courts (Civil No. 06-14186, D/E #12).

### III. Discussion

#### A. Petitioner's Motion for Expedition

On October 23, 2006, petitioner filed a motion for expedition, presumably requesting a speedy resolution of his petition (D/E #6). Subsequently, on April 19, 2007, petitioner filed a motion to stay his petition for a writ of habeas corpus (D/E #12). Since petitioner is now seeking a stay, his motion for expedition should be denied as moot.

#### B. Petitioner's Motion to Stay

The petitioner moves the court to hold his petition for writ of habeas corpus in abeyance while he exhausts his additional claims in state court. District courts possess authority to issue stays when a stay would be a proper exercise of discretion. Rhines v. Weber, 544 U.S. 269, 276; 125 S.Ct. 1528; 161 L.Ed.2d 440 (2005). The Antiterrorism and Effective Death Penalty Act (AEDPA) "does not deprive district courts of that authority, but it does circumscribe their discretion." Rhines, 544 U.S. at 276. A stay of proceeding must be compatible with the purposes of the AEDPA. Rhines, 544 U.S. at 276. In general, stays and abeyances, if employed too frequently, undermine the purposes of the AEDPA:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. [Rhines, 544 U.S. at 277.]

Given that a stay and abeyance may potentially undermine the purposes of the AEDPA, "stay and abeyance should only be available in limited circumstances" and are "only appropriate

when the district court determines that there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277.

In this case, petitioner does not have good cause for his failure to exhaust his other claims in state court prior to bringing his application. Petitioner does note that he is a *pro se* litigant, but that does not by itself constitute good cause. Even if petitioner was unaware when he filed his original petition that he had to exhaust all claims, petitioner later amended his original petition and filed this petition in order to remove the unexhausted claims. Petitioner expressly chose to proceed solely on his exhausted claim, knowing full well that he may have additional claims later. The mere fact that petitioner has come to regret his choice is not excusable neglect. This case does not present a mixed petition containing both exhausted and unexhausted claims. It contains one exhausted claim that is ready to be heard and petitioner presents no good reason to stay the case.

### C. Petitioner's Petition for Writ of Habeas Corpus

#### 1. Standard of Review

Petitioner is not entitled to the writ of habeas corpus unless he can show that the state court's adjudication of his claims on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "Avoiding these pitfalls does not require citation of [Supreme Court] cases-indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002) ( per curiam opinion) (emphasis in original).

### 2. Analysis of Petition

The majority of petitioner's arguments center on his allegation that the trial court failed to comply with Michigan Court Rule 6.310(B), which read at the time:

> (B) Withdrawal Before Sentence. On the defendant's motion or with the defendant's consent, the court in the interest of justice may permit an accepted plea to be withdrawn before sentence is imposed unless withdrawal of the plea would substantially prejudice the prosecutor because of reliance on the plea. If the defendant's motion is based on an error in the plea proceeding, the court must permit the defendant to withdraw the plea if it would be required by MCR 6.311(B).

Petitioner asserts that the trial court barely acknowledged his motion to withdraw his guilty plea and proceeded to sentence him without making any inquiry under Rule 6.310(B).

The alleged violation of state law is not a basis for habeas corpus relief. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984). A federal court may grant the writ of habeas corpus only if the petitioner demonstrates that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). It simply "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Consequently, Petitioner has no right to habeas corpus relief on the ground that the trial court failed to comply with Michigan Court Rule 6.310(B).

To the extent petitioner could be seen as alleging any constitutional violations at all, he briefly argues that his plea was not intelligent or voluntary. The Supreme Court has held that a defendant must have "sufficient awareness of the relevant circumstances and likely consequences" of his plea. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). A guilty plea must be accompanied by "an affirmative showing that it was intelligent and voluntary." Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Such a showing is generally made by the government's production of a transcript of state court proceedings to establish that the plea was made voluntarily. Garcia v. Johnson, 991 F.2d 324, 326 (6th Cir.1993).

In this case, the transcript of the state court proceedings clearly shows that petitioner's plea was intelligent and voluntary. The trial court repeatedly asked petitioner if he understood what the plea was and petitioner always answered in the affirmative. The trial court also ensured that petitioner had conferred with defense counsel. The trial court went on to explain what a

consecutive sentence was and the specific rights petitioner was waiving by pleading no contest. Furthermore, the trial court checked to make sure that there were no other promises or any threats. Therefore, the state court did not err in finding that petitioner understood the consequences of his plea. The state court's findings are entitled to considerable deference under AEDPA. McAdoo v. Elo, 365 F.3d 487, 497 (6th Cir. 2004). A federal court may grant habeas relief only where the state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Considering the record here, this court cannot say that the state court's determination that petitioner knowingly and voluntarily entered his plea was unreasonable.

## IV. Conclusion

For the reasons stated above, the court recommends that petitioner's application for a writ of habeas corpus be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: August 20, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on August 20, 2007.

s/Jane Johnson  
Case Manager to  
Magistrate Judge Virginia M. Morgan
